# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LOUIS HOLGER,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>TIMOTHY MARK BURGESS,<br>*et al.*,<br><br>　　　　　　　　Defendants. | Case No. 3:18-cv-00287-RRB |

## ORDER OF DISMISSAL

Before the Court at Docket 1 is self-represented prisoner, Louis Holger's, complaint.

## BACKGROUND

Mr. Holger filed a civil complaint titled "Notice and Claim for Equal Justice Under The Law For Criminal Violations" on December 6, 2018.[1] The civil cover sheet lists the plaintiffs as We the People of the United States with jurisdiction being established because the U.S. Government is the Plaintiff.[2] The civil cover sheet indicates that Mr. Holger seeks to sue the numerous defendants under the United States Constitution, Unanimous Declaration of Independence, and United

---

[1] Docket 1.

[2] Docket 2.

Nations Universal Declaration of Human Rights.[3]  Additionally, Mr. Holger filed the Prisoner's Application to Waive Prepayment of the Filing Fee.[4]

In his complaint, Mr. Holger seeks to sue twenty four different defendants, including Chief Judge Timothy Burgess, Judge Gleason, Magistrate Judge Smith, attorneys with the U.S. States Attorney's Office and the Federal Public Defender, the current president, U.S. Marshals Inc., United States of America Inc., the State of Alaska Office of Children's Services Inc., employees and attorneys with child services, the Alaska Attorney General, the American British Accredited Registry Association, Inc., SeaTac Federal Detention Center, and corrections and medical staff.[5]

Mr. Holger's complaint requests a variety of items from the Court including: he be appointed counsel from the U.S Attorney's Office, the Court provide service on the defendants, and alleges that the American British Accredited Registry Association and its supposed associated attorneys are engaged in fraud and human trafficking.[6]  The complaint included 4 attachments offered as exhibits to the complaint.[7]  Mr. Holger explicitly incorporates Exhibit 4 by reference to the

---

[3] Docket 2.

[4] Docket 3.

[5] Docket 1 at 1.

[6] See Docket 1.

[7] Docket 1-1 – 1-4.

3:18-cv-287-RRB, *Holger. v. Burgess, et al.*
Order to Dismiss
Page 2 of 7
Case 3:18-cv-00287-RRB   Document 6   Filed 01/16/19   Page 2 of 7

complaint. Exhibit 4 is copy of a "Counterclaim" filed in Mr. Holger's ongoing criminal case, which alleges that the defendants are violating federal criminal law regarding slavery, sexual abuse, and sex trafficking of children.[8]

For relief, Mr. Holger requests all of the defendants be taken into custody, $1,000,000.00 be paid to "each individual people of the United States," "the complete and total reformation of the United States of America Inc.," "the immediate shutdown of the Federal Reserve System Inc.," and to return "Lawful Money onto the Global Platorm."[9]

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking IFP status. In this screening, a court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[10]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted

---

[8] See Docket 1-4.

[9] Docket 1 at 4.

[10] 28 U.S.C. § 1915(e)(2)(B).

3:18-cv-287-RRB, *Holger. v. Burgess, et al.*
Order to Dismiss
Page 3 of 7
Case 3:18-cv-00287-RRB   Document 6   Filed 01/16/19   Page 3 of 7

as true, "state[s] a claim to relief that is plausible on its face."[11] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[12] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[13] In this case, amendment would be futile.

## DISCUSSION

Mr. Holger's lawsuit is frivolous, and the action must be dismissed with prejudice for the reasons discussed below.

### Frivolous Lawsuits

In accordance with federal law, a court must dismiss a case "at any time if the court determines that the action or appeal is frivolous or malicious."[14] The term frivolous, or frivolous as a matter of law, is a legal term. It means that a case or

---

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[12] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[13] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[14] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b)(1); 42 U.S.C. § 1997e(c)(1).

3:18-cv-287-RRB, *Holger. v. Burgess, et al.*
Order to Dismiss
Page 4 of 7
Case 3:18-cv-00287-RRB   Document 6   Filed 01/16/19   Page 4 of 7

complaint "lacks an arguable basis in either in law or in fact."[15] When a court evaluates for whether a complaint is frivolous, it must "pierce the veil of the complaint's factual allegations to determine whether they are fanciful, fantastic, or delusional."[16] Additionally, a complaint may be frivolous if it merely repeats pending or previously litigated claims."[17]

Mr. Holger's claim fails on both of these grounds. The Court reviewed Mr. Holger's complaint, the attached exhibits, with special care to Exhibit 4, which is Mr. Holger's previously filed "Counterclaim." Mr. Holger's claims are repeated from his prior filings in *Holger v. United States of America, Inc.*, Case No. 3:18-cv-241-RRB and *Holger, et al. v. Burgess, et al*; Case No. 3:18-cv-277-RRB. Each of these lawsuits were dismissed as for failure to state a claim upon which relief may be granted and as frivolous, respectively.[18]

As previously noted in the Court's prior order in *Holger v. United States of America, Inc.*, a private citizen may not sue other individual under federal criminal laws. Federal criminal laws are created by Congress for enforcement by the federal government. Additionally, neither the Declaration of Independence, nor the U.N. Declaration of Human Rights provide private causes of actions for lawsuits in

---

[15] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[16] *Neitzke*, 490 U.S. at 327-28; *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

[17] *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

[18] *Holger v. United States of America, Inc.*, Case No. 3:18-cv-241-RRB at Docket 15; *Holger, et al. v. Burgess, et al*; Case No. 3:18-cv-277-RRB at Docket 11.

3:18-cv-287-RRB, *Holger. v. Burgess, et al.*
Order to Dismiss
Page 5 of 7
Case 3:18-cv-00287-RRB   Document 6   Filed 01/16/19   Page 5 of 7

federal court. There is no legal basis for Mr. Holger's lawsuit; nor rational facts to support such claims. Moreover, the complaint merely repeats previously dismissed allegations for lack of support in fact or law. Once again, Mr. Holger repeats his vast conspiracy claims identifying those in the public sphere or in his near vicinity with whom he is dissatisfied. Mr. Holger's case does not provide an arguable basis in law or fact, and merely repeats prior dismissed claims. Therefore, this lawsuit is frivolous as a matter of law.

For the reasons discussed above, this case must be dismissed for frivolousness.

## Conclusion

Based upon the Court's screening, Mr. Holger's case is **DISMISSED WITH PREJUDICE**, because the action is frivolous.

**IT IS THEREFORE ORDERED:**

1. The Complaint, at Docket 1, is DISMISSED WITH PREJUDICE for frivolousness;

2. This dismissal constitutes a "strike" under 28 U.S.C. § 1915(g).[19] Mr. Holger has three "strikes." However, for record keeping purposes this dismissal is also

---

[19] 28 U.S.C. § 1915(g) provides that a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, will be prohibited from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in 'imminent danger of serious physical injury."

3:18-cv-287-RRB, *Holger. v. Burgess, et al.*
Order to Dismiss
Page 6 of 7
Case 3:18-cv-00287-RRB   Document 6   Filed 01/16/19   Page 6 of 7

recorded as a strike. The Clerk of Court is directed to no longer accept Mr. Holger's filings without pre-screening and approval from the Court or prepayment of the filing fee;

3. The Prisoner's Application to Waive Prepayment of the Filing Fee, at Docket 3, is DENIED;

4. The Clerk of Court is directed to enter a Judgment in this case accordingly.

DATED at Anchorage, Alaska, this 16th day of January, 2019.

*/s/ Ralph R. Beistline*
Senior United States District Judge

3:18-cv-287-RRB, *Holger. v. Burgess, et al.*
Order to Dismiss
Page 7 of 7
Case 3:18-cv-00287-RRB   Document 6   Filed 01/16/19   Page 7 of 7